IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVERNE POUSSAINT,<br>　　　Plaintiff,<br><br>　　　v.<br><br>RITTENHOUSE SCHOOL APTS, LLC,<br>*et al.*,<br>　　　Defendants. | :<br>:<br>:<br>:　CIVIL ACTION NO. 25-CV-0001<br>:<br>:<br>:<br>: |

MEMORANDUM

**COSTELLO, J.**                                                                                                    **JANUARY 3, 2025**

In a prior case, *Poussaint v. Mendlowitz*, No. 24-5387, 2024 WL 4543062 (E.D. Pa. Oct. 22, 2024), Plaintiff LaVerne Poussaint asserted claims against Evergeen Communities Senior Living LLC ("Evergreen"), and an individual she identified as its owner, Eliezer R. Mendlowitz, relating to an impending eviction from her apartment in Norristown, Pennsylvania. The case was dismissed, *inter alia*, because this Court could not grant her relief in the form of an injunction halting a state court-ordered eviction. *See id.*, 2024 WL 4543062, at *2. Poussaint has now filed an "Emergency Motion," again naming Evergreen and Mendlowitz, as well as Rittenhouse School Apts, LLC as Defendants and again asks this Court to "enter an Order granting a stay of eviction" because she alleges a fraud upon the court "voids all orders." (Emergency Motion to Stay (ECF No. 5) at 1.) Poussaint has also applied to proceed *in forma pauperis*. For the following reasons, the Court will grant her leave to proceed *in forma pauperis*, construe her submissions as a Complaint, and dismiss the case.[1]

---

[1] The factual allegations set forth in this Memorandum are taken from Poussaint's Emergency Motion (ECF No. 5). Poussaint did not file a complaint as required by Federal Rule of Civil Procedure 3. She only filed her Emergency Motion and an Exhibit (ECF No. 3) using the Court Electronic Document Submission tool. As part of that process, she indicated she

I.      FACTUAL ALLEGATIONS

Stated briefly, in her first case Poussaint asserted that Mendlowitz runs a criminal enterprise, is engaged in money laundering, and improperly associates with municipal officials in order to get away with his activities. *Poussaint*, 2024 WL 4543062, at *1. Her claim for injunctive relief was denied because the Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id*. (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)). Her claim for mandamus relief was denied for lack of subject matter jurisdiction, *id*. at *2, and her other federal law claims were dismissed because they were not plausible. *Id*. at *2-4 (dismissing RICO, Rehabilitation Act, and civil rights claims). Any state law claim was also dismissed for lack of subject matter jurisdiction. *Id*. at 4.

In her new case, Poussaint alleges in conclusory fashion only that the state court's eviction order she seeks to enjoin was obtained through fraud on the court, and egregious violations of federal, state, county, and municipal laws. (Emergency Motion at 1.) In addition to her claim of fraud, she appears to assert that the eviction should be stayed because she has been overcharged for rent for five years, she is owned credits by her landlord, and accrued interest on her security deposit is missing. (*Id*.) She attached an exhibit to her Emergency Motion titled "Rittenhouse School Senior Apts Unit 217 FMR Jan 2020 – Dec 2024." (ECF No. 3.) The

---

sought to file a new case. (ECF No. 5-1.) The Court will liberally construe her submissions as constituting a Complaint and screen her submission under 28 U.S.C. § 1915(e)(2)(B). The Court adopts the sequential pagination assigned to all *pro se* documents by the CM/ECF docketing system.

exhibit contains hyperlinks to information published by HUD, but the origin of the exhibit is unclear and its connection to Poussaint's allegations is unexplained.

## II.     STANDARD OF REVIEW

The Court grants Poussaint leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout

procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.  DISCUSSION

Because Poussaint alleges, *inter alia*, violations of federal law, the Court liberally construes her submission to raise civil rights claims pursuant to 42 U.S.C. § 1983, the jurisdictional vehicle by which those claims can be asserted in a federal court, or perhaps to raise claims under HUD regulations.  In either event, because Poussaint again seeks injunctive relief to stay the state court eviction order, her claim is dismissed for the reasons the Court previously explained, namely that this type of relief is barred by the Anti-Injunction Act.  *Poussaint*, 2024 WL 4543062, at *2 ("To the extent she seeks an order from this Court to halt a state court ordered eviction, the Court cannot grant this relief.").

The Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)).  "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions'" – authorization by Congress, necessary for aid of jurisdiction, or to protect a judgment, which are to be construed narrowly.  *Id.* (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). Accordingly, the Court cannot grant Poussaint's request to enjoin state court eviction proceedings or the execution of a state court eviction order.

IV.   **CONCLUSION**

For the reasons stated, this case is dismissed. No leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

_____
**MARY KAY COSTELLO, J.**